UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HASSAN JACKSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JUDGE DONALD H. ALLEN, ET AL., )<br>)<br>Defendants. ) | No. 1:23-cv-01096-SHM-tmp |

**ORDER MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE;
DENYING LEAVE TO AMEND;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING JACKSON OF THE APPELLATE FILING FEE;
AND NOTIFYING JACKSON OF THE COURT'S STRIKE RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(g)**

On May 26, 2023, Plaintiff Hassan Jackson filed a *pro se* civil complaint under 42 U.S.C. § 1983. (ECF No. 1.) When Jackson filed the complaint, he was confined at the Northwest Correctional Complex (the "NWCX"), in Tiptonville, Tennessee. (*Id*. at PageID 2.) On July 13, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.)

Jackson alleges violation of his constitutional right to freedom from double jeopardy (the "Double Jeopardy Claim"). (ECF No. 1 at PageID 2.) Jackson sues: (1) Judge Donald H. Allen of the Twenty-Sixth Circuit Court in Tennessee; (2) Jerry Woodall, the District Attorney General for the Twenty-Sixth Judicial District; and (3) Shaun A. Brown, the Assistant District Attorney for Madison County, Tennessee. (*Id*. at PageID 1-2.) Jackson seeks seven hundred and fifty thousand dollars ($750,000.00). (*Id*. at PageID 3.)

The Clerk shall modify the docket to add the State of Tennessee (the "State") as a Defendant.

The complaint (ECF No. 1) is before the Court.

For the reasons explained below, the complaint is DISMISSED WITH PREJUDICE. Leave to amend is DENIED.

I. SCREENING THE COMPLAINT

A. LEGAL STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and Rule 8 requires

factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B.   REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Jackson sues under 42 U.S.C. § 1983. (ECF No.1 at PageID 1.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II.   ANALYSIS

### A.   THE DOUBLE JEOPARDY CLAIM

Jackson was arrested on November 15, 2013 (the "Arrest") for aggravated assault (the "Charge"). (ECF No. 1-1 at PageID 4.) Jackson was convicted of aggravated assault (the "Conviction"), and he was sentenced on June 3, 2014 to a maximum of six (6) years suspended sentence and placed on community corrections felony probation. (*Id*. (the "Sentence"); ECF No. 1 at PageID 2.) Jackson alleges that Woodall and Brown are "reprosecut[ing]" Jackson on the

Charge.  (ECF No. 1 at PageID 2.)  Jackson alleges that the Sentence "expired on September 22, 2019" (the "Sentence End-Date").  (*Id*.; *see also* ECF No. 1-1 at PageID 4-6.)

The Double Jeopardy Claim, which arises from Jackson's Conviction, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnotes omitted); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (same) (footnotes omitted).  A plaintiff has no cause of action under § 1983 if the claims in that action depend on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal.  *Heck*, 512 U.S. at 481-82; *Schilling*, 58 F.3d at 1086.  *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (whenever the relief sought is release from prison, the only remedy is through a habeas corpus petition, not a § 1983 complaint).

*Heck* bars the Double Jeopardy Claim, which arises from Jackson's prior Conviction.  *See Taylor v. Lebo*, No. 16-2515-STA-egb, 2017 WL 4052172, at *3 (W.D. Tenn. Sept. 13, 2017).  Jackson does not allege that the Conviction was overturned on direct appeal or set aside through a collateral attack.  The Double Jeopardy Claim is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

    B.    **CLAIMS AGAINST THE STATE OF TENNESSEE**

Jackson does not state whether he sues Woodall and Brown in their official or individual capacities. (*See* ECF No. 1 at PageID 1-2.) The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). Jackson's claims against Woodall and Brown are construed as claims against those Defendants in their official capacities.

Jackson's official capacity claims against Woodall and Brown are treated as claims against their employer, the State of Tennessee.[1] *See*, *e.g.*, *Owens v. Weirich*, No. 21-cv-2041, 2021 WL 4234937, at *2 (W.D. Tenn. Sept. 26, 2021).

Jackson has no valid claim against the State of Tennessee.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst States Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid

---

[1] The Office of the District Attorney General is a state entity. *See Malone v. Shelby Cnty.*, No. 18-cv-2201, 2019 WL 847747, at *2 (W.D. Tenn. Feb. 4, 2019) ("Assistant district attorneys are therefore state, not county, employees") (citing Tenn. Code Ann. §§ 8-7-101, *et seq.*).

5

abrogation, federal courts may not entertain a private person's suit against a State") (citations omitted). Tennessee has not waived its sovereign immunity, *see* Tenn. Code Ann. § 20-13-102(a), and a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Jackson has no claims for money damages against Woodall and Brown in their official capacities.

Jackson's claims against (1) the State of Tennessee and (2) Woodall and Brown in their official capacities are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### C.  CLAIMS AGAINST JUDGE ALLEN

The complaint does not identify any alleged conduct of Judge Allen that Jackson disputes. (*See* ECF No. 1 at PageID 2.) The plausible inference from the complaint is that Judge Allen presided at Jackson's criminal trial and imposed the Sentence on June 30, 2014. (*Id*.) Jackson's claims under § 1983 against Judge Allen fail as a matter of law.

It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty.*, 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993).

To the extent Jackson disputes Judge Allen's rulings, orders, and sentence determinations during Jackson's criminal trial and his sentencing, those decisions by Judge Allen were within the

scope of his judicial functions. Jackson's claims under § 1983 against Judge Allen are barred by judicial immunity and are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### D.  CLAIMS AGAINST WOODALL AND BROWN

Jackson alleges that Woodall and Brown are "reprosecut[ing] [Jackson] and ma[king] [Jackson] serve additional time on an already expired sentence of aggravated assault [that] expired September 22, 2019." (ECF No. 1 at PageID 2.)  Jackson's allegations against Woodall and Brown are construed as a claim of malicious prosecution under § 1983.  That claim fails as a matter of law.  Under the doctrine of prosecutorial immunity, Woodall and Brown are immune from suit on Jackson's claim of malicious prosecution.

Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). A prosecutor's decision to bring or not to bring charges against a particular person is protected by prosecutorial immunity. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). A prosecutor's conduct outside the judicial phase of the criminal process, such as conduct as an investigator or administrator, is not protected by prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *see also Roybal v. State of Tenn. Dist. Attorney Gen.'s Office for Montgomery Cnty.*, 84 F. App'x 589, 590 (6th Cir. 2003) (finding that the district court properly concluded that prosecutorial immunity barred the claims against the district attorneys general in their individual capacities (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Jackson alleges no facts suggesting that his malicious prosecution claim against Woodall and Brown arises from conduct they took outside their prosecutorial role. (ECF No. 1 at PageID 2.) Jackson's malicious prosecution allegation against Woodall and Brown arises solely from actions they took in their traditional roles as prosecutors. They are immune from suit for that conduct. Woodall and Brown's prosecution of Jackson for the Charge was taken in the course of traditional prosecutorial functions.

Jackson's claim of malicious prosecution against Woodall and Brown is barred by the doctrine of prosecutorial immunity and is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### E. CLAIMS THAT AROSE BEFORE MAY 16, 2022

Jackson alleges that (1) he was arrested for the Charge on November 15, 2013, (2) the Sentence was imposed on June 30, 2014, and (3) the Sentence expired on September 22, 2019. (ECF No. 1 at PageID 2.) To the extent the claims in the complaint arose before May 16, 2022, the claims are time-barred by the one-year statute of limitations applicable to § 1983 claims arising in Tennessee.

The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury through "reasonable diligence." *Edison*, 510 F.3d at 635; *Sevier*, 742 F.2d at 272.

The only dates alleged in the complaint are (1) November 15, 2013 (the Arrest), (2) June 30, 2014 (when the Sentence was imposed), (3) September 22, 2019 (the Sentence End-Date), and (4) November 2022 (the date Jackson allegedly had "a warrant served on me or [a] court appearance" for unspecified charges). (ECF No. 1 at PageID 2.) Jackson signed his § 1983 complaint on May 16, 2023. (*Id*. at PageID 3.) For the purpose of discussion and for liberal construction of the complaint in Jackson's favor, the Court treats May 16, 2023 as the date when Jackson gave the complaint to NWCX authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for federal *pro se* prisoner filings). To the extent the complaint asserts claims arising from conduct that occurred before May 16, 2022[2] – including but not limited to conduct arising from the Arrest, the Sentence, and the Sentence End-Date – those claims are DISMISSED WITH PREJUDICE as untimely.[3]

### III.  AMENDMENT UNDER THE PLRA

The Court DENIES leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

---

[2] *See, e.g.*, ECF No. 1 at PageID 8 (the initial complaint alleges that Braswell's "severe groin pain, hip pain, and lower back / abdominal pain" occurred "[i]n January 2020"); *cf*. ECF No. 9 at PageID 83) (alleging "severe groin, hip, lower abdomen, and lower back pain").

[3] The Court reaches no conclusion about whether Jackson's claims arising from the November 2022 "serv[ice] [of a] warrant or court appearance" (ECF No. 1 at PageID 2 (the "Warrant And Appearance")) are timely under the applicable statute of limitations. Jackson alleges no facts about the Warrant And Appearance. For example, the complaint does not allege whether the Warrant And Appearance relate to the Arrest, the Charge, the Conviction, or the Sentence. To the extent the complaint alleges the Warrant And Appearance violate Jackson's right to freedom from double jeopardy, that claim is barred by *Heck*. *See* discussion *supra*. To the extent the complaint alleges claims against Judge Allen, Woodall, and Brown arising from the Warrant And Appearance, Jackson's claims fail to state a claim to relief against those three (3) Defendants for the reasons explained *supra* in this Order.

In cases where it would not be possible for a plaintiff to amend his complaint to state a claim for relief, leave to amend should not be granted. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

Jackson would not have actionable claims even if he were to amend because: (1) Tennessee has not waived its sovereign immunity, and a state is not a person within the meaning of § 1983; (2) *Heck*, 512 U.S. 477, bars the Double Jeopardy Claim, which arises from Jackson's prior Conviction; (3) Jackson's claims under § 1983 against Judge Allen are barred by the doctrine of judicial immunity; (4) Woodall and Brown are immune from suit under § 1983 pursuant to the doctrine of prosecutorial immunity; and (5) Jackson's claims arising from conduct that occurred before May 16, 2022 are barred by the one-year statute of limitations applicable to § 1983 claims arising in Tennessee. Jackson should not be given the opportunity to amend the complaint.

## IV.    APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Jackson would not be taken in good faith. If Jackson chooses to file a notice of appeal, he must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

## V.    NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that

10

it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Jackson's future filings, if any, the Court RECOMMENDS that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## VI.  CONCLUSION

For the reasons explained above:

A. The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend is DENIED.

B. This case is DISMISSED in its entirety. The Court RECOMMENDS that the dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 996 F.3d 350.

C. The Court CERTIFIES that an appeal would not be taken in good faith.

D. The Court DENIES leave to proceed *in forma pauperis* on appeal. If Jackson appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. Fed. R. App. P. 24(a)(5).

E. The Clerk is directed to mark this case CLOSED.

IT IS SO ORDERED, this 8th day of August, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE